UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE M. GRABLE,

    Plaintiff,

v.                                                     Case No. 8:22-cv-1282-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

I.

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 300-16). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 185-226). Plaintiff then requested an administrative hearing (Tr. 227-28). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 38-85). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied

Plaintiff's claims for benefits (Tr. 13-32). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1986, claimed disability beginning on February 13, 2019 (Tr. 300, 310). Plaintiff has at least a high school education (Tr. 349). Plaintiff has past relevant work experience as a waitress and data entry clerk (Tr. 72-73, 372-79). Plaintiff alleged disability due to spine disorders, fibromyalgia, carpal tunnel syndrome, inflammatory bowel disease, other disorder of the urinary tract, curvature of spine, anxiety, and obsessive-compulsive disorders (Tr. 46, 348).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2024 and had not engaged in substantial gainful activity since February 13, 2019, the alleged onset date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease in the lumbar spine, fibromyalgia, and anxiety (Tr. 18). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work; she can lift and carry twenty pounds occasionally and up to ten pounds

frequently; stand and walk for six hours; sit for six hours and push and pull for unlimited duration. Plaintiff can occasionally climb ladders, ropes and scaffolds and frequently climb ramps/stairs; balance; stoop; crouch; kneel and crawl; she must avoid concentrated exposure to cold and hazards; she is limited to low stress work, defined as having no fast-paced production quotas, and no jobs that would typically require conflict with others; and she should not be responsible for the safety of others, as the primary function of the job (Tr. 20). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 24).

Given Plaintiff's background, RFC, and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a data entry clerk (Tr. 25). Alternatively, based on Plaintiff's age, education, work experience, RFC, and the VE's testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy which Plaintiff could perform, such as garment sorter, machine tender, and table worker (Tr. 26). Accordingly, based on the application for benefits and the record. the ALJ found Plaintiff not disabled (Tr. 27).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior

work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner

are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by failing to fully and adequately investigate apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT")[1] in contravention of Social Security Ruling ("SSR") 00-4p.

As an initial matter, the Commissioner argues that because the ALJ found that Plaintiff could perform her past relevant work, which Plaintiff does not challenge, this Court need not address the ALJ's alternative step five finding. As the Commissioner states, at step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f), 416.920(a)(4)(iv) & (f). At this step, the claimant bears the burden of proving that his or her impairments prevent him or her from performing past relevant work. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). If the claimant cannot perform her past relevant work, the ALJ

---

[1] "The DOT is an extensive compendium of data about the various jobs that exist in the United States economy and includes information about the nature of each type of job and what skills or abilities they require." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1357 n.2 (11th Cir. 2018).

moves on to step five of the evaluation, which requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), 416.920(a)(4)(v).

In the instant case, after listening to Plaintiff's testimony regarding her work history, the ALJ asked the VE to identify Plaintiff's past work, which the VE classified as a data entry clerk DOT #203.582-054 (Tr. 72). The VE stated the job was sedentary, semi-skilled, with an SVP of 4 (Tr. 72). Then, the ALJ presented the VE with a hypothetical of containing Plaintiff's RFC and asked the VE whether "[g]iven those limitations, could the hypothetical individual perform any of the claimant's past work either as it's actually performed or as it's generally performed in the national economy?" (Tr. 73). The VE answered that the hypothetical individual could perform the data entry clerk position (Tr. 73). The ALJ concluded that Plaintiff was able to perform her past relevant work as a data entry clerk (Tr. 25).

However, Plaintiff does not challenge the ALJ's decision in this respect, or at least it does not appear that she does. Plaintiff's argument about an alleged VE-DOT conflict and non-compliance with SSR 00-4p is not sufficiently supported. Plaintiff first cites to SSR 00-4p and *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353 (11th Cir. 2018), in addressing the ALJ's affirmative duty to identify apparent conflicts between the VE's testimony and the DOT and resolve them. Plaintiff then quotes *Estrada v. Barnhart*, and states the following:

> "[T]he Eleventh Circuit has not yet interpreted or applied SSR 00–4p. Other courts following SSR 00–4p, however, require the ALJ to elicit

> an explanation for an apparent conflict from the VE before relying on the VE's evidence and remand to the ALJ if such an inquiry is not made. In particular, many courts remand for further administrative proceedings where the ALJ fails to inquire to the VE about testimony that a claimant limited to simple tasks is capable of performing jobs that are incompatible with the DOT's reasoning level classifications." In that case, the court found that the jobs enumerated by the vocational expert, although unskilled, require reasoning level of 3, which exceeds her limitation to simple interactions and tasks in that the ALJ erred by failing to follow SSR-004P.
>
> It is not apparent in the decision that the ALJ undertook the affirmative duty p[aced [sic] upon him regarding the investigation of apparent conflicts. This duty is of an independent investigation regarding **all** positions set forth in the decision. An explicit declaration that such an investigation of apparent conflicts should have, and was not, been made in the decision. The mere mention that "...the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles" (Tr. 60) is insufficient. As noted above, apparent inconsistencies werte [sic] not explained.

(Doc. 19, at 7-8) (quoting *Estrada v. Barnhart*, 417 F. Supp. 2d 1299 (M.D. Fla. 2006) (footnote omitted) (emphasis in original).[2] This is the extent of what one can only assume is Plaintiff's argument regarding any apparent conflict between her past relevant work as a data entry clerk and the DOT. Plaintiff does not state what the apparent conflict is, for instance, if one of the RFC limitations conflicts with the DOT's reasoning level classifications. Moreover, the subsequent paragraphs in Plaintiff's Brief inexplicably address regulations regarding an ALJ's requirements on how to weigh medical opinion evidence (Doc. 19, at 8-10). Aside from the fact that Plaintiff refers to regulations regarding how an ALJ was required to afford

---

[2] The quote attributed to the ALJ does not appear in the record. Additionally, page 60 of the record is part of the hearing transcript and references Plaintiff's symptoms (*see* Tr. 60).

8

weight to the testimony of a treating physician that are inapplicable in the instant case, there is no mention of the facts in this case or argument that even attempts to allege that the ALJ did not properly evaluate medical opinion testimony in this case. Thus, any arguments relating to a conflict between Plaintiff's ability to perform her past relevant work and the DOT or relating to medical opinion evidence are waived. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority"); *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."). Having appropriately concluded that Plaintiff could perform her past relevant work, the ALJ did not need to proceed to step five in the sequential analysis, and the inquiry could have stopped there. *See* 20 C.F.R. §§ 416.920(f) & (g), 416.960(b)(3) & (c). Therefore, any possible error attributed to the ALJ's alternative step-five findings are harmless in this case and the Court need not address them.

Notwithstanding, it is worth noting that Plaintiff's Brief focuses on the ALJ's step-five findings and the ALJ's alleged failure to investigate apparent conflicts between the DOT and the VE's testimony regarding the number of jobs in the national economy based on the Bureau of Labor Statistics, Occupational Employment Statistics. At the hearing, Plaintiff's counsel argued about the VE's use of different software programs to determine job numbers and the programs'

unreliability and not any conflict between the DOT and the jobs (Tr. 77-83).[3] In his decision, the ALJ noted that Plaintiff's counsel had argued that the VE's testimony was invalid because the VE relied on software programs which incorporate data from the standard occupational classification system and the equal distribution occupation density calculations (Tr. 27). However, the number of jobs in the national economy is not relevant to the analysis of whether the claimant can perform her part relevant work under step four. *See* 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled. We will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy."). Moreover, "[u]nlike the situation in which the VE's testimony conflicts with the DOT, [the Eleventh Circuit] has not placed an affirmative duty on the ALJ to independently investigate a conflict between the

---

[3] In fact, rather than make any arguments specifically addressing Plaintiff's past relevant work or the alternative jobs identified by the VE, Plaintiff engages in a paragraphs-long example about how the number of jobs estimated by the Occupational Employment Statistics from the Bureau of Labor Statistics is overinclusive as it relates to the job group of lawyers and goes as far as to attach the DOT description of a lawyer (*see* Docs. 19, at 11-12; 19-1). In an attempt to apply this reasoning to the instant case, Plaintiff writes:

> In this case, the vocational expert testified that for DOT occupation *blank*, there were *blank jobs* nationally. This testimony is inconsistent with information set forth in the occupational employment statistics and clearly over inclusive. No reasonable person would conclude that there were *blank* number of persons nationally performing this DOT occupation.

(Doc. 19, at 14) (emphasis added). This is, obviously, not sufficient to adequately develop an argument that the Court can consider.

10

VE's testimony and job availability figures provided by the Bureau of Labor Statistics in the [Occupational Employment Statistics]." *Webster v. Comm'r Soc. Sec.*, 773 F. App'x 553, 556 (11th Cir. 2019). In addition, "the figures in the [Occupational Employment Statistics] are not part of the [Social Security Administration's] regulatory scheme. 20 C.F.R. § 404.1566(d)(1), (5)." *Id.*

Because Plaintiff has not raised issue with the ALJ's step-four finding regarding her ability to perform her past relevant work, there is no need for the Court to address the ALJ's alternative step-five findings.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 20th day of June, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record